UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| ELIJAH BEN ISRAEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL NO.  1:05cv311 |
| | ) | |
| GRANT COUNTY TREASURER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

This matter is before the court on a "Request for Correction of Errors and Re-instatement of Case" filed by the plaintiff, Elijah Ben Israel ("Israel"), on September 8, 2005.  Israel is proceeding pro se.

On August 25, 2005, Israel filed with this court a "Complaint Under the Civil Rights Act, 42 U.S.C. § 1983" a "Request for Injunction to Stop Defendant From Selling Plaintiff's Properties", and an "Application to Proceed Without Prepayment of Fees".

On August 30, 2005, this court denied Israel's motion to proceed without prepayment of fees, for the reason that his complaint did not state a claim for which relief could be granted. Israel believes this ruling was in error and he again seeks to proceed with his case without prepayment of fees.

In his complaint, Israel (a great-grandson of a slave) alleges that the taxation of property owned by African Americans is a violation of the 13th Amendment of the United States Constitution.  In a nutshell, Israel believes that such taxation is a form of involuntary servitude. Israel also believes that the governmental practice of seizing and selling property that is the subject of delinquent taxes is a violation of the 4th and 14th Amendments.  In his request for

injunction, Israel requested this court to stop the defendant from including his properties in a tax sale, which was to be held on August 31, 2005.

In this court's order dated August 30, 2005, this court held that Israel's attempt to collaterally attack or enjoin the state court from granting a judgment allowing the sale of his property is unavailing, due to the Rooker-Feldman doctrine which prohibits this court from reviewing a state court decision.

In his present motion, Israel states that his request for an injunction was "a secondary defense and not the true fruit of this complaint".  Israel states that he is not asking this court to review state court orders, but is "questioning the unconstitutional practice of collecting property taxes from a Great grandson of a slave a race protected by the 13th Amendment to be free of Involuntary service."

Clearly, however, even if Israel is not seeking an injunction or review of state court orders, his complaint still fails to state a claim for which relief can be granted.  While it is true that the 13th Amendment prohibits involuntary servitude (regardless of race)[1], there is no law to support the notion that property taxes are a form of involuntary servitude.  Rather, the tax laws have long been upheld as a proper revenue raising function of government.  If Israel does not wish to pay property taxes, he is free to sell his properties.  The law does not require anyone to be an owner of real estate.

---

[1]The 13th Amendment provides:

> Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction.

Therefore, as Israel's complaint is unsupported by any law and doomed from the start, this court is not permitted to grant Israel's request to proceed without prepayment of fees.  <u>See</u> 28 U.S.C. § 1915(e)(2)(B).  Accordingly, Israel's "Request for Correction of Errors and Re-instatement of Case" is hereby DENIED.

Entered: October 11, 2005.

<u>s/ William C.  Lee</u>
William C. Lee, Judge
United States District Court